### EGGLESTON *v.* BEACH.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

PLEADING—AMENDMENT—LACHES.

Plaintiff in an action tried before a referee, having failed to prove the account stated alleged in the complaint, applied for leave to serve an amended complaint alleging a cause of action on an account which was barred by the statute of limitations. *Held,* that plaintiff's laches and the bar of the statute were sufficient grounds for denying the amendment, no special circumstances making the refusal inequitable being shown.

Appeal from special term, New York county.

Action by James E. Eggleston against Miles Beach on an account stated. A motion by plaintiff, pending the trial of the cause before a referee, for leave to amend the complaint, was denied. From the order denying his motion to amend, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Henry S. Bennett,* for appellant. *A. C. Brown,* for respondent.

VAN BRUNT, P. J. The plaintiff brought his action in November, 1884, upon an account stated. The defendant answered, denying the account stated, and setting up a counter-claim. The case was referred, and upon the trial before the referee it would appear that the plaintiff discovered that he could not prove his account stated, and thereupon moved the court to be allowed to serve an amended complaint, alleging a cause of action upon an account instead of an account stated. The court below denied the motion upon three grounds: *First,* that the proposed amendment substituted an entirely new cause of action for that set forth in the complaint: *second,* that the plaintiff was guilty of laches; and, *third,* that the cause of action proposed to be set up by amendment is barred by the statute of limitations. Without passing upon the first ground of denial, we think that a correct disposition was made of the motion, because of the laches of the plaintiff, and because the statute of limitations had run against the account as such. It is undoubtedly true that it has been decided that the court has power to deprive a party of a defense given by express provision of law by the fiction of an amendment of the pleadings, and that therefore the court might order an amendment in this case, whereby a cause of action, barred by the statute, might be inserted therein. But, although this power appears to exist, we think it ought to be exercised very sparingly, and only under circumstances showing that the plaintiff has pursued his rights with diligence, and that, without fault or neglect on his part, he has been placed in the dilemma in which he finds himself. In the case at bar, the plaintiff deliberately declared upon a certain cause of action, and after going to trial upon this cause of action, and apparently finding it impossible to prove it, he seeks after the lapse of years to avoid the statute of limitations, in respect to a cause of action anterior to the one declared upon, by importing it into this action, by an amendment to the complaint. We do not see in these papers any ground for the granting of this extraordinary relief. The defendant is entitled to the protection of the statute upon which he had a right to rely, unless special circumstances are shown proving it to be inequitable. Nothing of the kind appears in the case at bar. It is the ordinary case of inability to prove a cause of action declared upon. We do not see that this fact alone would authorize the court in its discretion to grant the relief asked for. The order should be affirmed, with $10 costs and disbursements. All concur.